UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07384-BRO (KK) | | Date | September 25, 2014 |
|---|---|---|---|---|
| Title | Daven Levi Williamson v. Deputy Kim Smith, et al. | | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**     (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust [and Pending State Petition]

      On September 22, 2014, petitioner Daven Levi Williamson filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). This court having reviewed the Petition, it appears that the Petition is subject to dismissal because, as indicated in the Petition, petitioner has not exhausted his state remedies with respect to the grounds raised in his Petition. Further, petitioner states that his appeal is currently pending before the Santa Barbara County Superior Court, pet. at 5[1], which review could moot the instant federal Petition. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

      Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **October 16, 2014**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## The Exhaustion Requirement

      A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v.*

---

[1]For clarity, the Court utilizes the pagination provided by CM/ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07384-BRO (KK) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Daven Levi Williamson v. Deputy Kim Smith, et al. | | |

*Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raises the following grounds for relief: "[d]amage of mental suffering, emotional distress, false and unfair sentence and conviction, future loss of wages, future attorney's fees and damage to present affectiveness (sic) of plaintiffs (sic) pro-per status in the superior courts of S.L.O. County in case #493304."[2] However, based upon the face of the petition, none of the grounds have been ruled on by the California Supreme Court, and thus none of the grounds raised have yet been exhausted. If this is correct, the Petition is subject to dismissal.

### State Action Pending That Could Moot Federal Petition

As just noted, when a claim raised in a federal habeas petition is still pending before a state court, the petitioner has not met the exhaustion requirement because he has not given the state court the first opportunity to address the federal claim. *See Duncan*, 513 U.S. at 365. "If the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (internal quotation marks and citation omitted).

---

[2]The Court does not address at this time whether petitioner states a cognizable claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07384-BRO (KK) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Daven Levi Williamson v. Deputy Kim Smith, et al. | | |

Furthermore, a pending state appeal or petition renders a federal habeas petition subject to dismissal even if the claim raised in the federal petition is different from the issue raised in a pending state appeal or petition.  *See Sherwood*, 716 F.2d at 634 ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted*,* even where the issue to be challenged . . . has been finally settled in the state courts."); *see also Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies not exhausted where a state post-conviction proceeding is pending).  This is because, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question."  *Sherwood*, 716 F.2d at 634 (citing *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969) (per curiam)).

Here, the federal Petition states that petitioner's appeal is currently pending.  If it is correct that petitioner retains a pending state action which may moot or otherwise affect his alleged constitutional claims before this Court, he must await the outcome of that action before presenting his claims in federal court, and thus the federal Petition would be subject to dismissal.

### Petitioner's Options

If petitioner contends that he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause.  The written response  must be filed on or before **October 16, 2014**.  Petitioner should attach to his response copies of any documents establishing that the grounds he raises are indeed exhausted, and that he does not have a matter pending before the California courts.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for petitioner's convenience.**  The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07384-BRO (KK) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Daven Levi Williamson v. Deputy Kim Smith, et al. | | |

Such dismissal request must also be filed on or before **October 16, 2014**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**